UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| MOSES DUNCAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SAPELO SHRIMP COMPANY, INC. )<br>HURRICANE EMILY SEAFOOD, INC., )<br>and WILLIAM B. HARRIS, )<br>)<br>Defendants. ) | CIVIL ACTION NO: 2:17-cv-154 |

**COMPLAINT**

COMES NOW MOSES DUNCAN, the Plaintiff, and files the within Complaint against the Defendants, SAPELO SHRIMP COMPANY, INC., HURRICANE EMILY SEAFOOD, INC., and WILLIAM B. HARRIS, as follows:

**LOCAL RULE 7.1.1 CERTIFICATE OF INTERESTED PERSONS**

Pursuant to Local Rule 7.1.1 of this Court, the undersigned counsel of record for Plaintiff Moses Duncan certifies that the following is a full and complete list of the parties in this action:

1. Moses Duncan, Plaintiff

2. Sapelo Shrimp Company, Inc., Defendant

3. Hurricane Emily Seafood, Inc., Defendant

4. William B. Harris, Defendant

The undersigned further certifies that the following is a full and complete list of officers, directors, trustees of the above-identified parties:

1

NAME

1. Not applicable as to Plaintiff

2. As to Sapelo Shrimp Company, Inc., Defendant is a Georgia Corporation organized and established pursuant to the laws of the State of Georgia. Officers and Directors known to Plaintiff, based upon information and belief, are as follows:

> B. Jay Swindell, CEO
>
> Scottie Smith Jenkins, Officer

3. As to Hurricane Emily Seafood, Inc., Defendant is a Georgia Corporation organized and established pursuant to the laws of the State of Georgia. Officers and Directors known to Plaintiff, based upon information and belief, are as follows:

> William B. Harris, CEO/CFO/Secretary

4. Not applicable as to Defendant Bill Harris

The undersigned further certifies that the following is a full and complete list of other persons, firms, partnerships, corporations or organizations that have a financial interest in, or another interest which could be substantially affected by, the outcome of this case (including a relationship as a parent or holding company or similar relationship):

NAME              IDENTIFICATION, RELATIONSHIP, INTERESTS

**JONES, BOYKIN & ASSOCIATES, P.C.**

> Noble L. Boykin, Jr., Esq.
>
> Sherri N. Trinh, Esq.
>
> Charles Snyder, Esq.

**VENUE AND JURISDICTION**

1. Plaintiff brings the claims, as referenced above, under the general maritime law of the United States, the injury and cause of action having arisen on the navigable waters of the United States, and pursuant to the Jones Act, 46 U.S.C. §§ 30104-30106, formerly 28 U.S.C. §688.

2. On or about December 17, 2015, Defendants jointly employed the Plaintiff, Moses Duncan, and others to work as commercial fishermen aboard a shrimp boat owned, controlled, and operated by the Defendants, the *Lady Susie II.*

3. Upon sailing from Townsend, McIntosh County, Georgia, Plaintiff became a Jones Act seaman pursuant to 46 U.S.C. §§30104-30106, formerly 28 U.S.C. §688 and was at all times mentioned entitled to all the rights and remedies contained therein as well as those within the Federal Employers Liability Act, including the right to trial by jury.

4. On or about the above date, the fishing vessel, *Lady Susie II*, which, as referenced, had previously sailed from Townsend, Georgia, was in navigable waters off North Carolina, approximately 4-5 nautical miles off the coast, for purposes of commercial fishing with Defendant William B. Harris as captain and Plaintiff as a member of the crew.

5. During the said trip, on the date referenced above, December 17, 2015, Plaintiff was performing duties as a member of the vessel's crew putting a "whip line" around one of the drag nets on the vessel.

6. The vessel had been dragging for shrimp and the crew had been directed to haul in the nets as unfavorable weather appeared to be setting in. Plaintiff was

assisting in that maneuver while putting the "whip line" in place.

7. While Plaintiff was so performing his duties the vessel was still in gear, but should have been taken out of gear, while the nets were being hauled in.

8. While attaching the "whip line", the vessel, while in gear, struck a large wave causing one or more of the shrimping "doors" to touch into the water thereupon causing the net to be violently jerked toward the water with sufficient force as to cause Plaintiff to be propelled off the vessel while entangled in the "whip line" and net.

9. Further, the vessel was still in gear when the incident occurred, striking a wave at the time, the force being sufficient to cause Plaintiff to be propelled off the vessel as referenced above.

10. No life ring was thrown to Plaintiff from the vessel as the life ring was non-functional and improperly maintained and could not be removed from the wall of the vessel by crew members.

11. Plaintiff initially drifted approximately 150 yards from the boat without assistance from other crew members or the captain. Plaintiff was allowed to remain in the water for approximately 1 to 1-1/2 hours before being pulled back aboard the vessel.

12. Plaintiff was injured when thrown off the vessel while entangled in the nets and upon his falling to the deck of the vessel after being removed from the water. Said injuries include, but are not limited to, Plaintiff's head, shoulder, back, right hand, as well as suffering an emotional trauma and injury as well as other injuries which will be established through the evidence at trial.

13. Thereupon, Plaintiff was discharged by Defendants from his employment and was refused medical treatment.

## COUNT I – JONES ACT VIOLATION/LACK OF SEAWORTHINESS

14. Defendants, at the time and place referenced above, breached the duty of reasonable care owed to Plaintiff as a crew member of the vessel in the following ways and other ways which will be established through the evidence at trial as follows:

   (a) Defendants failed to provide and maintain a seaworthy vessel;

   (b) Defendants failed to provide a safe place to work;

   (c) Defendants failed to have and utilize proper and accessible safety equipment on the vessel and failed to enforce reasonable rules and regulations to ensure the safety of the Plaintiff and other crew members;

   (d) Defendants failed to provide a competent crew and officers and failed to adequately and safely operate the vessel;

   (e) Defendants failed to have a safety meeting before the operation to make sure all crew members knew what they were to do that day and what to do in case a crew member was thrown or fell overboard;

   (f) Defendants failed to properly and safely operate the vessel through its officers and crew, allowing same to strike a large wave while proceeding in gear and at an unreasonable speed in light of wave height and weather conditions, through the crew's actions in negligently requiring the nets to be hauled in while the vessel remained in gear, and in allowing Plaintiff to drift 150 or more yards from the vessel before turning back to rescue the Plaintiff; and

   (g) Defendants failed in other ways to provide a safe place to work as will be established through the evidence at trial.

15. Defendants at all times mentioned herein breached the duty of due care as owed to the Plaintiff and other crew members in the above manner and by negligently placing Plaintiff in a zone of danger of immediate physical harm.

16. As a direct and proximate result of Defendants' negligence and breach and violations of the Jones Act duties as referenced above, and in violation of the duty

5

to maintain a seaworthy vessel, Plaintiff suffered physical and emotional injuries.

17. Plaintiff is entitled to general damages naturally flowing from his injuries and including, but not limited to, mental pain and suffering, past and future, physical pain and suffering, past and future, loss of enjoyment of life, interference with the ability to work and labor, impairment of bodily health and vigor, fear and apprehension of the extent of injury, and other damages as allowed under the general maritime law.

18. As a direct result of the negligent and wrongful acts and omissions, Plaintiff has also suffered special damages including medical expenses, which remain outstanding, and wage loss, past and future.

## COUNT II – FAILURE TO PAY WAGES AND MEDICAL EXPENSES

19. Plaintiff hereby realleges and incorporates herein each and every allegation contained in every paragraph of all preceding counts as if specifically set forth herein.

20. Pursuant to the general maritime law, Plaintiff is entitled to assert a claim and does hereby assert a claim for maintenance, cure, wages, medical expenses and treatment.

21. Plaintiff has not been paid any wages since his discharge from employment following the incident and has been unable to return to gainful employment and has little to no money to live on while he recuperates from his injuries, which are continuing.

22. Plaintiff has been required to undergo spinal injections and medical treatment as a result of the injuries and medical expenses have not been paid and continue to be outstanding.

23. Outstanding and continuing wages have been properly requested by Plaintiff but have not been paid by the Defendants.

24. The Defendants have at all times wrongfully refused to pay the above outstanding wages and future wages, and medical expenses.

25. Defendants' actions in knowingly and willfully having improper safety equipment on the vessel, which could not be used due to the failure of the Defendants to maintain and supply serviceable safety equipment, in willfully and wantonly failing to pay and provide maintenance and cure, and in leaving Plaintiff adrift in the water after he was thrown overboard, in discharging Plaintiff from employment due to the fact that he was injured while at work on the vessel, in leaving Plaintiff stranded in North Carolina without a reasonable means of travel to his home after his discharge from employment, gives rise to a claim for punitive or exemplary damages by Plaintiff against the Defendants to deter Defendants from repeating their misconduct.

26. Plaintiff is entitled to his unearned wages, compensatory damages, punitive damages, reasonable attorneys' fees, interest and other damages as assessed by the jury.

27. Plaintiff is entitled to punitive damages in order to deter Defendants from repeating their misconduct.

## **COUNT III -  JURY DEMAND**

28. Plaintiff hereby realleges and incorporates herein each and every allegation contained in every paragraph of all preceding counts as if specifically set forth herein.

29. Plaintiff hereby demands trial by jury in the above matter.

WHEREFORE, Plaintiff MOSES DUNCAN demands judgment in his favor against the Defendants, SAPELO SHRIMP COMPANY, INC., HURRICANE EMILY SEAFOOD, INC., and WILLIAM B. HARRIS, as follows:

(a) As to Count I, general damages in Plaintiff's capacity as a Jones Act seaman and secondary to the claim for providing an unseaworthy vessel, including for physical and mental pain and suffering, past and future, as allowed by law;

(b) Plaintiff demands judgment against the Defendants for maintenance and cure including all medical expenses incurred for treatment of his injuries and which will likely be incurred in the future, a sum equal to the highest rate of wages at the port from which the Plaintiff was engaged in an amount to be determined through the evidence at trial along with pre- and post-judgment interests;

(c) Attorneys' fees and expenses of litigation;

(d) Punitive damages to deter Defendants from repeating their misconduct; and,

(e) Such other and further relief as the Court deems just and equitable.

Dated this 18th day of December, 2017.

**JONES, BOYKIN & ASSOCIATES, P.C.**

By: s/ Noble L. Boykin, Jr.
NOBLE L. BOYKIN, JR.
Georgia State Bar Number 073400
SHERRI N. TRINH
Georgia State Bar Number 176858
*Attorneys for Plaintiff Moses Duncan*